# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 30, 2022

Lyle W. Cayce
Clerk

No. 20-60573
Summary Calendar

Jose Esteban Sanchez-Thomas,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A202 144 339

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Jose Esteban Sanchez-Thomas, a native and citizen of Honduras, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of the immigration judge (IJ) concluding that he was ineligible for asylum, withholding of removal, and relief under the

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60573

Convention Against Torture (CAT). We review the decision of the BIA and will consider the IJ's decision only insofar as it influenced the BIA. *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

Sanchez-Thomas first challenges the BIA's determination that his asylum and withholding of removal claims failed because he did not provide sufficient corroborating evidence. He notes that he was deemed a credible witness, and he contends that he should not have been required to provide letters from persons who had no first-hand knowledge of the threats against him.

Where the IJ determines that the applicant should provide evidence which corroborates otherwise credible testimony, "such evidence must be provided unless the applicant demonstrates that [he] does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1229a(c)(4)(B). The failure to present such evidence can be fatal to an alien's application for relief. *Avelar-Oliva v. Barr*, 954 F.3d 757, 764 (5th Cir. 2020).

Our review shows that substantial evidence supports the agency's determination that Sanchez-Thomas failed to provide evidence that corroborated his claims and that such evidence was reasonably available. *See Rui Yang v. Holder*, 664 F.3d 580, 587 (5th Cir. 2011). As the IJ and the BIA discussed, even assuming that a letter from his boss was not reasonably available, Sanchez-Thomas either failed to request a letter or statement from several other individuals who were aware of his circumstances in Honduras or else failed to follow up when his request was not fulfilled. The failure to provide reasonably available corroborating evidence was enough, standing alone, to support the BIA's decision that Sanchez-Thomas was not entitled to relief. *See id.* Although Sanchez-Thomas raises several other contentions

pertaining to his asylum and withholding of removal claims, we need not address them. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

Regarding his CAT claim, Sanchez-Thomas asserts that his testimony about the threats from gang members and their continued interest in him shows that he is likely to be tortured if he returns to Honduras. He notes that country conditions evidence shows that there are human rights violations, including torture, occurring in the country, and he argues that the record demonstrates that at least one member of the Honduran police force would consent to or acquiesce in his torture by gang members.

As the IJ determined, when police were notified that Sanchez-Thomas had been assaulted on July 10, 2014, they arrested one of the assailants; this supports the BIA's determination that the evidence did not show that it was more likely than not that public officials would acquiesce in his torture. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 225-26 (5th Cir. 2019). Additionally, the record does not support a finding of past torture, and Sanchez-Thomas did not report other threats against him to the police. *See Martinez Manzanares v. Barr*, 925 F.3d 222, 228 (5th Cir. 2019). Because the record does not compel the conclusion that Sanchez-Thomas was eligible for CAT relief, we will not disturb the agency's decision. *See Gonzales-Veliz*, 938 F.3d at 225-26; *Martinez Manzanares*, 925 F.3d at 228.

The petition for review is DENIED.